UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

IN RE:
    KENNETH JOSEPH BUSCHEL        CASE NO. **10-53770-mbm**
    LORI CHRISTINE KITCHEN           CHAPTER 7
    Debtors,                                              JUDGE MARCI B. MCIVOR

                                                        Adversary Proceedings #_____

_____/
KENNETH JOSEPH BUSCHEL,
LORI CHRISTINE KITCHEN
Plaintiffs

v.

SALLIE MAE,
EDUCATION FINANCE PARTNERS,
NCO FINANCIAL SYSTEMS,
LTD FINANCIAL SERVICES,
FMS SERVICES
REGIONAL ADJUSTMENT BUREAU, INC.,
WINDHAM PROFESSIONALS, INC.
Defendants
_____/

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF INDEBTEDNESS

    The plaintiffs, by its attorney, for its complaint states:

**Claim for Relief**
**Non-Dischargeability of Debt**

1.    This is a complaint to determine the dischargeability of certain indebtedness owed to SALLIE MAE and EDUCATION FINANCE PARTNERS, and the collection agencies on these loans listed as defendants, by Plaintiffs KENNETH JOSEPH BUSCHEL and LORI CHRISTINE KITCHEN. This complaint is filed pursuant to Federal Rule of Bankruptcy Procedure 7001(6).

2. This Court has jurisdiction in this adversary proceeding pursuant to 28 U.S.C. Sec. 157 and 28 U.S.C. Sec. 157(b)(2)(I).

3. EDUCATION FINANCE PARTNERS is a financial institution.

4. SALLIE MAE is a financial institution.

5. NCO FINANCIAL SYSTEMS, LTD FINANCIAL SERVICES, REGIONAL ADJUSTMENT BUREAU, INC., and WINDHAM PROFESSIONALS, INC. are collection agencies seeking to collect payment on the loans issued to Plaintiffs' by EDUCATION FINANCE PARTNERS and SALLIE MAE.

6. At all times mentioned, EDUCATION FINANCE PARTNERS granted to KENNETH JOSEPH BUSCHEL three private unsecured loans for a total in the amount of approximately $75,000.

7. At all times mentioned, SALLIE MAE granted to KENNETH JOSEPH BUSCHEL three private unsecured loans on 09/08/05 of $12,000; on 01/09/06 of $12,000; and on 05/05/06 of $11,000, for a total of $35,000.

8. At all times mentioned, EDUCATION FINANCE PARTNERS granted to LORI CHRISTINE KITCHEN three private, unsecured loans in the amount of approximately $87,000.

9. At all times mentioned, SALLIE MAE granted to LORI CHRISTINE KITCHEN seven unsecured private loans[1] as follows: 10/01/03 for $12,430; 05/25/04 for $15,000; 07/13/04 for $688; 05/12/05 for $15,000; 08/22/05 for $5,000; 01/09/06 for $5,505; and 01/09/06 for $9,000, totaling $62,623.

---

[1] It should be noted that there was an eighth loan on 09/20/04 in the amount of $10,000, however LORI CHRISTINE KITCHEN is not looking to discharge this loan for it has a co-signer attached to it.

2

10. KENNETH JOSEPH BUSCHEL utilized the aforementioned loans to EDUCATION FINANCE PARTNERS, creating a balance due and owing on this account of $79,420.66.

11. KENNETH JOSEPH BUSCHEL utilized the aforementioned loans to SALLIE MAE, creating a balance due and owing on this account the amount of $65,175.86 as of July 8, 2010.

12. LORI CHRISTINE KITCHEN utilized the aforementioned loans to EDUCATION FINANCE PARTNERS, creating a balance due and owing on this account the amount of $89,824.67.

13. LORI CHRISTINE KITCHEN utilized the aforementioned loans to SALLIE MAE, creating a balance due and owing on this account the amount of $132,415.50.

14. KENNETH JOSEPH BUSCHEL did not schedule any of the above mentioned debt as disputed.

15. LORI CHRISTINE KITCHEN did not schedule any of the above mentioned debt as disputed.

16. Under 11 USC Sec. 523 (8), educational loans are an exception to discharge under Chapter 7 bankruptcy. Specifically, the Code states:

> (8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for –
>
> (A)
> > (i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or
> >
> > (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or

3
10-06370-mbm    Doc 1    Filed 08/07/10    Entered 08/07/10 00:30:23    Page 3 of 8

>> (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual.

17. Under Section 221(d)(1) of the Internal Revenue Code of 1986, "Qualified education loan is defined as follows:

> The term "qualified education loan" means any indebtedness incurred by the taxpayer solely to pay qualified higher education expenses –
>
>> (A) which are incurred on behalf of the taxpayer, the taxpayer's spouse, or any dependent of the taxpayer as of the time the indebtedness was incurred,
>>
>> (B) which are paid or incurred within a reasonable period of time before or after the indebtedness is incurred, and
>>
>> (C) which are attributable to education furnished during a period during which the recipient was an eligible student.
>
> Such term includes indebtedness used to refinance indebtedness which qualifies as a qualified education loan. The term "qualified education loan" shall not include any indebtedness owed to a person who is related (within the meaning of section 267(b) or 707 (b)(1)) to the taxpayer or to any person by reason of a loan under any qualified employer plan (as defined in section 72(p)(4)) or under any contract referred to in section 72(p)(5).

18. EDUCATION FINANCE PARTNERS and SALLIE MAE'S loans to KENNETH JOSEPH BUSCHEL and LORI CHRISTINE KITCHEN were not guaranteed by a government unit nor were funded in whole or in part by a governmental unit or nonprofit organization. EDUCATION FINANCE PARTNERS and SALLIE MAE are for-profit lending institutions providing private unsecured loans.

19. Since his graduation from American University in Washington DC in May, 2007, KENNETH JOSEPH BUSCHEL was unemployed from May, 2007 to November, 2008. He then was hired by the Meijer Corporation (Meijer Great Lakes LTD) in November,

2008 where he is currently employed as a General Merchandise Stocking Team Leader earning $15.14 per hour.

20. Since her graduation from American University in Washington DC in May, 2007, LORI CHRISTINE KITCHEN was employed by Triumph Technologies/USAID as a Program Associate from August, 2007 to July, 2008 earning $18.27 per hour.

21. Due to KENNETH JOSEPH BUSCHEL'S inability to locate work in the Washington DC area, they both moved to Michigan where living expenses are lower than Washington DC, and to be closer to networks and family and seek employment.

22. LORI CHRISTINE KITCHEN was unemployed from July, 2008 to December, 2008. She was hired by the United Way for Southeastern Michigan in December, 2008 as a Public Policy Associate earning $18.46 per hour. She left that employer and began working for the Michigan Women's Foundation beginning in October, 2009 as a Program Advisor earning $14.10 per hour.

23. As these loans from EDUCATION FINANCE PARTNERS and SALLIE MAE, as well as their federally-guaranteed student loans[2] came due, their monthly payments for these debts became unmanageable. On just the SALLIE MAE loans noted in this complaint, the minimum monthly payments were $336.01 for KENNETH JOSEPH BUSCHEL and $1,142.60 for LORI CHRISTINE KITCHEN, equaling $1,478.61 per month.

24. Data on the monthly minimum payment on the loans to EDUCATION FINANCIE PARTNERS cannot be located, and the loans have gone into default.

---

[2] Both plaintiffs have government-subsidized loans which they are not seeking to discharge.

5

10-06370-mbm    Doc 1    Filed 08/07/10    Entered 08/07/10 00:30:23    Page 5 of 8

25. From August 2007 to July, 2008, only LORI CHRISTINE KITCHEN was working, with an average earning of $2,923.20 per month GROSS pay.[3] KENNETH JOSEPH BUSCHEL was unemployed. The SALLIE MAE debt alone would have exceeded 50% of the plaintiffs' net pay.

26. Still, the plaintiffs' made payments, using credit cards, on these debts until it became impossible to maintain. The plaintiffs began by making full monthly minimum payments, then reduced payment to what they could afford, to finally being unable to make any payment.

27. Prior and subsequent to these loans going into default, the plaintiffs' contacted both lenders to discuss forbearance, consolidation, or any alternative payment plans. Both lenders refused to work with the plaintiffs to make the loan payments more manageable.

28. Due to the lack of success of KENNETH JOSEPH BUSCHEL finding a job in Washington DC, the plaintiffs moved to Michigan where LORI CHRISTINE KITCHEN grew up. Both were unemployed between July, 2008 and November, 2008.

29. At their current hourly wages, assuming 40 hour weeks, the plaintiffs combine to earn approximately $4,678.40 GROSS per month.[4]

30. Though the SALLIE MAE loans are currently in default, even at the original minimum monthly payment, the SALLIE MAE loans alone would be just over 30% of the plaintiffs' current GROSS pay.[5]

---

[3] $18.27 per hour times 40 hours times 4 weeks.
[4] $15.14 times 40 hours per week times four weeks equals $2,422.40 for Plaintiff Buschel. $14.10 times 40 hours per week times four weeks equals $2,256.00 per week for Plaintiff Kitchen.
[5] $1,478.61 divided by $4,678.40 equals 31.605%

6

31. In addition, the current monthly minimum payment on the student loans that are federally subsidized and that the plaintiffs are not looking to discharge is approximately $740 per month.

32. The amount owed to EDUCATION FINANCE PARTNERS by KENNETH JOSEPH BUSCHEL is $79,420.66, at a payment plan of $36,288.63 due now to NCO FINANCIAL SYSTEMS, INC. and $43,132.03 due now to LTD FINANCIAL SERVICES, L.P.

33. The amount owed to SALLIE MAE by KENNETH JOSEPH BUSCHEL is $65,175.86, at a payment plan of $65,175.86 due now to FMS SERVICES.

34. The amount owed to EDUCATION FINANCE PARTNERS by LORI CHRISTINE KITCHEN is $89,824.67, at a payment plan of $89,824.67 due now to REGIONAL ADJUSTMENT BUREAU.

35. The amount owed to SALLIE MAE by LORI CHRISTINE KITCHEN is $135,441.94, at a payment plan of $135,441.94 due now.[6]

36. Neither KENNETH JOSEPH BUSCHEL nor LORI CHRISTINE KITCHEN'S career path would allow them to reach the heights of such a salary in the future, especially with the compounding of interest by the creditors due to reduced, missed and late payments as a result of being extravagant amounts of payment required by the creditors.

37. Both KENNETH JOSEPH BUSCHEL and LORI CHRISTINE KITCHEN have made payments, when they could, however the payments required by the creditors were vastly disproportional to KENNETH JOSEPH BUSHEL and LORI CHRISTINE

---

[6] On February 23, 2010, Plaintiff Kitchen received a notice from WINDHAM PROFESSIONALS, INC., indicated both as "a special program offered by SALLIEMAE" and as a debt collector. It is unclear who owns this particular debt.

KITCHEN'S individual and combined income that payments were first reduced then stopped.

38. Under 11 USC Sec. 523 (8), educational loans are non-dischargeable unless the defendant can demonstrate it would be an undue hardship on the debtor and the debtor's dependents.

39. Because of the amounts of loans and payment schedule of the creditors above, coupled with KENNETH JOSEPH BUSCHEL and LORI CHRISTINE KITCHEN'S combined earnings and future advancement, and their attempts to meet living expenses, including the federally-guaranteed student loans that they are making payments on, while initially paying these outrageous payments demonstrate that it would be an undue hardship on KENNETH JOSEPH BUSCHEL and LORI CHRISTINE KITCHEN. Future advancement would either be too costly or nonexistent considering that such advancement would be predicated upon the furthering of the plaintiff's education.

The defendants request this court:

1. to discharge plaintiffs' private student loan debt as an undue hardship.

Johnson and Wilk, PLLC

Dated: _____  By: /s/ Michael Kitchen
Kevin Johnson P67646
Michael Kitchen P71667
Attorney for Defendants
Johnson and Wilk, PLLC
49 Macomb Place Suite 9
Mount Clemens, MI 48043
(586) 954-4675